**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**MAGUIRE PRODUCTS, INC.,**

        **Plaintiff,**

-vs-                                            Case No. 3-:03-CV-198

**COMET AUTOMATION SYSTEMS, INC.,**
**et al.,**

                                                        **Judge Thomas M. Rose**

        **Defendants.**

---

**ENTRY AND ORDER OVERRULING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. #87); DISMISSING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT (Doc. #60, 63, 80, 81); FINDING PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL MOOT (Doc. #82); DISMISSING PLAINTIFF'S MOTION TO COMPEL (Doc. #49); DISMISSING PLAINTIFF'S MOTION IN LIMINE (Doc. #85) AND VACATING THE CURRENT TRIAL DATE**

---

        This matter is now before the Court on Plaintiff Maguire Products, Inc.'s ("Maguire's") Motion for Entry of Default Judgment Against Defendant Comet Automation Systems, Inc. ("Comet"). Comet is also a Counterclaimant and Ferlin Trading BV ("Ferlin") is the other Defendant. Ferlin is the manufacturer of the gravimetric blender that is at issue in this case and Comet is the seller of the blender.

        Maguire now seeks default judgment against Comet pursuant to Fed.R.Civ.P. 16, 37 and 55 and seeks dismissal of Comet's Counterclaim pursuant to Fed.R.Civ.P. 41. Comet responds that it should not be sanctioned under the facts and circumstances that currently exist in this case and requests a continuance of the trial date and a new pretrial order. A brief procedural history will first be set forth followed by a discussion of Maguire's Motion.

## PROCEDURAL HISTORY

Maguire's original Complaint was filed on June 4, 2003, and was against Comet. Comet answered and counterclaimed on July 8, 2003.

The first Preliminary Pretrial Conference was conducted on September 22, 2003, and resulted in a trial date of January 3, 2005, and various deadlines for activities leading up to this trial date. Then, on October 31, 2003, Maguire sought and was granted leave of Court to file an Amended Complaint to include Ferlin as a Defendant. The Amended Complaint was filed on January 20, 2004, and ten days later Maguire asked for and received an Order to reschedule the dates established in the Preliminary Pretrial Order.

Maguire filed the proof of service of the Amended Complaint on Ferlin on March 25, 2005. Ferlin answered the Amended Complaint and the second Preliminary Pretrial Conference was conducted on August 10, 2004. As a result, the Claims and Counterclaims were set for trial beginning on November 28, 2005 and various deadlines for activities leading up to this trial date were established. This trial date currently remains in effect.

Ferlin then filed a Motion To Dismiss due to lack of jurisdiction which was overruled. This Motion was overruled on March 24, 2005, following several granted delays in the briefing schedule which were requested by both Maguire and Ferlin.

The record then indicates the beginning of discovery disputes between Maguire and both Defendants. These disputes surround a joint motion for an extension of the discovery deadline that was established in the second Preliminary Pretrial Order and a discovery conference held by the Court. One such dispute resulted in a Motion To Compel filed by Maguire on which briefing has been stayed. (Doc. #49.) Another pending motion regarding discovery is Maguire's Motion

In Limine to preclude Comet from offering documents produced after the close of discovery. (Doc. #85.)

On July 11, 2005, Maguire filed Motions for Partial Summary Judgment against Comet and Ferlin under seal. Both remain pending and Ferlin has not responded. Comet partially responded in its response to Maguire's Motion for Default Judgment.

Shortly thereafter, Ferlin and Comet's attorneys filed a motion to withdraw. (Doc. #75.) Withdrawal was requested on July 28, 2005, because "the interests of Ferlin and Comet are no longer common." The Court heard for the first time that Counsel were originally engaged and compensated by Ferlin to represent Comet and the claims involve a product manufactured by Ferlin and sold by Comet. The Court also heard that Ferlin and Maguire had negotiated a settlement, a settlement which has yet to be filed with this Court. The conflict which occasioned the Motion To Withdraw is created because Comet may desire to pursue claims against Ferlin. Counsel also requested that the case be temporarily stayed until Comet could obtain new trial counsel.

Maguire responded to the Motion To Withdraw by agreeing that a settlement had been reached with Ferlin and that Comet was not a part of the settlement. Maguire did not oppose the withdrawal of Defendants' Counsel but did oppose any "open-ended" stay of the case. The Court then overruled the Motion To Withdraw subject to it being renewed when the dispute between Maguire and Ferlin has been properly reported to the Court as settled. (Doc. #77) Also, Comet was given thirty (30) days to obtain new counsel.

Comet then requested and was granted an extension to the deadline within which it was to obtain new counsel. (Doc. #83.) When this extension expired, Comet requested an additional

extension until six (6) months after a settlement document was signed by Maguire and Ferlin. (Doc. #86.) This second request was filed on October 6, 2005. Six days after this second request was filed, Maguire filed its Motion for Default Judgment.

On October 17, 2005, the Court held a status conference among the Parties. As a result, Maguire and Ferlin were given until not later than November 10, 2005, to finalize and file their settlement with the Court and Comet was given until not later than October 26, 2005, to obtain new counsel. (Doc. #89.) Subsequently, Attorney James M. Hill entered an appearance on October 24, 2005, on behalf of Comet. (Doc. #91.) Also, Maguire and Ferlin sought and received an extension of time until November 18, 2005, to file their settlement papers.

The trial of this matter is now scheduled to begin on November 28, 2005. Currently pending are Maguire's Motion for Default Judgment against Comet (doc. #87), Maguire's Motion To Compel Defendants' Compliance With Discovery Obligations (doc. #49), Maguire's Motions for Summary Judgment against Comet and Ferlin (doc. #60, 63), Maguire's Motion for Leave To File Deposition Transcript of Thomas R. Rajkovic Under Seal (doc. #82), Maguire's Motion In Limine (doc. #85), and Comet's Request for Continuance of Trial Date and New Pretrial Order (doc. #98). Only the Motion for Default Judgment and the Request for Continuance are currently fully briefed and ripe for decision.

## MOTION FOR DEFAULT JUDGMENT

Maguire asks the Court to enter default against Comet and dismiss Comet's Counterclaim as a sanction for discovery violations, material misrepresentations to the Court and to Plaintiff, disobeyance of Court orders and failure to prosecute. Courts generally use the four factors set forth in *Regional Refuse Systems, Inc. v. Inland Reclamation Co.* to evaluate the types of reasons

for sanctions given by Maguire. 842 F.2d 150 (6th Cir. 1988); *Sexton v. Uniroyal Chemical Company,* Inc., 62 Fed.Appx. 615, 2003 WL 1870918 (6th Cir. 2003)(applying *Regional Refuse* factors to failure to prosecute and failure to comply with court's orders); *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364 (6th Cir. 1997)(applying *Regional Refuse* factors to failure to cooperate in discovery), cert. denied, 522 U.S. 868 (1997); *Freeland v. Amigo*, 103 F.3d 1271 (6th Cir. 1997); *Bank One of Cleveland, N. A. v. Abbe*, 916 F.2d 1067 (6th Cir. 1990)(applying *Regional Refuse* factors to noncompliance with discovery orders); *Taylor v. Medtronics, Inc.*, 861 F.2d 980 (6th Cir. 1988).

The four *Regional Refuse* factors to be considered are: (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Sexton*, 62 Fed. Appx. at 618.

With regard to the first factor, the Sixth Circuit has stated that "dismissal of an action for an attorney's failure to comply is a harsh sanction" which should only be ordered where there is "a clear record of delay or contumacious conduct…" *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Also with regard to the first factor, the Sixth Circuit has said that an innocent party should not be penalized for the conduct of an "inept attorney"and that the party seeking sanctions should confer in good faith with the party not making disclosure. *Freeland v. Amigo*, 103 F.3d 1271, 1278-79 (6th Cir. 1997). With regard to the second factor, the Sixth Circuit has stated that "delay alone is not a sufficient basis for establishing prejudice." *Berthelsen v. Kane*, 907 F.2d 617, 620 621 (6th Cir. 1990). With regard to the third factor, the

Sixth Circuit has said that, where a party has not been given notice that dismissal is contemplated, "a district court should impose a penalty short of dismissal unless the derelict party has engaged in bad faith or contumacious conduct." *Harris v. Callwood*, 844 F.2d 1254,1256 (6th Cir. 1988). Finally, with regard to the fourth factor, the Sixth Circuit has stated that, "in the absence of contumacious conduct, an alternate sanction that would protect the integrity of pretrial procedures should be utilized rather than dismissal with prejudice." *Freeland*, 103 F.3d at 1280. Next, each of the *Regional Refuse* factors will be applied to the issues at bar.

Willfulness, Bad Faith or Fault

The first factor to be considered is whether Comet's failures are due to willfulness, bad faith or fault keeping in mind that an innocent party should generally not be punished for the acts of that party's attorney. In this case, Maguire first alleges that Comet has "flagrantly and wilfully" disregarded the discovery rules. In support of this allegation, Maguire argues that Comet did not produce certain alleged prior art in its initial disclosures and failed to provide written responses to their Third and Fourth Requests for Production of Documents within thirty (30) days after service of the request. Maguire also supports this allegation with argument that Comet failed to produce alleged prior art materials until after the discovery cutoff date.

Yet, while Court intervention was necessary on one occasion, several, if not all, of the discovery issues raised by Maguire have been resolved. Further, the issues involve the Counsel provided by Ferlin for Comet and not Comet directly.

Maguire next argues that Comet has made material misrepresentations to the Court and to Maguire. The alleged misrepresentations involve representations by Counsel for Comet and Ferlin that no additional relevant documents were in Comet's possession when, according to Maguire, these representations were false. Comet responds now by arguing that, "it is well understood by Maguire and its Counsel that the failure to produce documents was the result of miscommunications between Comet and its Counsel." Further, the misrepresentations to which Maguire alludes were made by Comet's Counsel and not Comet.

Maguire next argues that Comet has repeatedly disobeyed Court orders. In support, Maguire alleges, as stated above: that Comet did not provide all required initial disclosures as required by General Order No.1; that Comet did not provide a second draft of the proposed Final Pretrial Order, a list of fact witnesses or a list of expert witnesses as required by this Court's second Preliminary Pretrial Order; that Comet did not provide discovery in response to this Court's Order Following Discovery Conference; and that Comet did not obtain new counsel as ordered by the Court.

Yet, Comet has now obtained new counsel within the extension granted by the Court to obtain new counsel. Also, Comet presumably did not provide a list of fact witnesses, a list of expert witnesses or a second draft of the proposed Final Pretrial Order because the Counsel employed by Ferlin to represent Comet declined to do so, presumably as a result of a settlement which the Court has yet to see. Finally, the discovery issues have presumably been resolved or quickly can be should this matter proceed.

Maguire's next argument is that Comet has not defended itself against Maguire's Motion for Partial Summary Judgment. Ferlin also has not defended itself against Maguire's Motion for

Partial Summary Judgment. Ferlin has not defended presumably because it has allegedly settled with Maguire which is the very same reason that Counsel for Comet has not defended Comet against Maguire's Motion for Partial Summary Judgment. Instead of responding to Maguire's Motion for Partial Summary Judgment, the Counsel that Ferlin hired to represent Comet elected to seek withdrawal due to Ferlin's settlement with Comet.

Maguire's final argument is that Comet's Counterclaims should be dismissed for failure to prosecute them. However, Maguire does not indicate specifically how Comet has not prosecuted its Counterclaim. Further, if there has been a failure to prosecute the Counterclaims, it presumably is the same reason as why the outstanding Motion for Partial Summary Judgment is without response. That reason is because Comet has been left without counsel who is willing and/or able to work in its behalf due to the settlement between Maguire and Ferlin.

In summary, there have been discovery disputes in this matter that either have been or quickly can be resolved. Further, based upon the evidence now before it, the Court cannot conclude that Comet itself intentionally made material misrepresentations. Comet clearly did not disobey Court orders in all of the instances cited by Maguire and the other instances, if valid, either have been or can easily be remedied. Finally, Comet's failure to respond to Maguire's Motion for Summary Judgment is a result of Comet's Counsel refusing to do so because Ferlin has allegedly settled with Maguire. Whether any of the acts about which Maguire complains were due to willfulness, bad faith or fault on the part of Comet's Counsel is questionable. It is clear, however, that none of the acts were the result of wilfulness, bad faith or fault on the part of Comet. This factor does not weigh in favor of default judgment.

### Prejudice to Maguire

The second factor to be considered is whether Maguire has been prejudiced by Comet's conduct keeping in mind that delay alone is generally not prejudicial. The only prejudice cited by Maguire is that Comet would be rewarded for its "misconduct" while Maguire would be punished for its adherence to the rules.

Regarding prejudice, Maguire also reminds the Court that Comet has stated that Ferlin is no longer paying Comet's attorneys' fees presumably due to Maguire's settlement with Ferlin. Also regarding prejudice, Comet testifies that it has not sold the gravimetric blender at issue since May of 2005 and does not intend to sell the blenders until this case is resolved. In response, Maguire argues that the blender is still shown on Comet's website. However, the Court has visited this website and did not find a blender labeled as the "Ferlin FGB-M05" there. This factor also does not weigh in favor of default judgment.

### Warning

The third factor to be considered is whether Comet was warned that failure to cooperate could lead to dismissal. In this case, there was no prior warning. Therefore, this factor does not weigh in favor of default judgment.

### Consideration of Less Drastic Sanctions

The fourth factor to be considered is whether less drastic sanctions were considered or imposed before dismissal. The only solution proposed by Maguire is default judgment and this is the only solution considered by the Court in response to Maguire's Motion for Default Judgment. This factor also does not weigh in favor of default judgment.

Conclusion

An analysis of the *Regional Refuse* factors in this case leads to the conclusion that default judgment should not be entered. There is arguably no evidence of wilfulness, bad faith or fault on the part of Comet's Counsel and there is clearly no evidence of wilfulness, bad faith or fault by Comet itself. In addition, Maguire has not shown that it would be prejudiced by adjudication on the merits, there was no prior warning of possible default judgment and less drastic sanctions were not proposed nor considered. Finally, it was not unreasonable for Comet to rely upon the representations of Ferlin that it would provide legal counsel that would responsibly address all of the outstanding issues identified by Maguire herein.

Trials on the merits are favored in federal courts. *Berthelsen*, 907 F.2d at 620. This Court is no exception. Therefore, Maguire's Motion for Default Judgment including dismissal of Comet's Counterclaims is OVERRULED.

**MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

Maguire's Motions for Partial Summary Judgment against Comet and Ferlin (doc. #60, 63, 80, 81) remain outstanding. Ferlin has not responded presumably because it may have settled with Maguire. Counsel for Comet did not respond initially because it reported a conflict and sought a stay. Different Counsel for Comet has now responded but indicates that, given the opportunity to engage in discovery, it can overcome the Motion for Partial Summary Judgment. Maguire has not replied.

In view of the facts that default judgment will not be granted and the Claims and Counterclaims will be adjudicated on their merits, that Maguire's Partial Motion for Summary Judgment has not been fully briefed and that it is unclear who will be representing Comet in the

future, Comet's Motions for Partial Summary Judgment are now DISMISSED subject to being refiled if desired and at the appropriate time.

## MOTION FOR LEAVE TO FILE UNDER SEAL

Also pending is Maguire's Motion for Leave To File Deposition Transcript of Thomas R. Rajkovic Under Seal. (Doc. #82.) Subsequent to filing this Motion, Maguire has filed Rajkovic's Deposition without seal. (Doc. 93, 97.) This Motion is, therefore, MOOT.

## MOTION TO COMPEL AND MOTION IN LIMINE

Also pending are Maguire's Motion To Compel Defendants' Compliance With Discovery Obligations (doc. #49) and Motion In Limine (doc. #85). The Motion In Limine is directed only to Comet.

Briefing on the Motion To Compel has been stayed at the request of the Parties so neither Defendant has responded. Comet has not responded to Maguire's Motion In Limine because the Counsel hired by Ferlin has elected not to do so and Comet's new, additional Counsel has not had adequate opportunity to do so.

As previously determined, the Claims and Counterclaims in this matter will be adjudicated on the merits and they will be adjudicated when all Parties are clearly represented by counsel. Therefore, Maguire's Motion To Compel and Motion In Limine are DISMISSED subject to being renewed if and when appropriate.

## REQUEST FOR CONTINUANCE

In its response to Maguire's Motion for Default Judgment, Comet seeks a continuance of the trial date in this matter and a new pretrial order. Maguire asks that this request be denied and is presumably prepared for trial beginning November 28, 2005.

However, this matter is not ready for trial for several reasons. First, the status of Ferlin is uncertain. Ferlin is still a party but has indicated that it has settled.

Second, the status of Counsel to represent Comet is uncertain. Ferlin initially provided counsel for Comet but that Counsel has requested withdrawal due to a conflict. The Court denied that request subject to renewal after the settlement is resolved and Comet obtains new counsel. Additional Counsel for Comet has made an appearance but the current Counsel has not been granted leave to withdraw.

Third, should Comet's new, additional Counsel become Comet's only counsel, Comet's new, additional Counsel has requested additional discovery and preparation time. Fourth, Maguire's Motion for Partial Summary Judgment has been dismissed without adjudication subject to renewal. Maguire may wish to have this or a similar Motion heard before a trial.

Because this matter is to be adjudicated on the merits and is not yet ready for trial, the Trial date of November 28, 2005, is VACATED. The Court will be set a scheduling conference after the settlement papers between Maguire and Ferlin are filed and after the matter of who will be representing Comet is resolved by a renewed motion to withdraw or otherwise.

**DONE** and **ORDERED** in Dayton, Ohio, this Eighteenth day of November, 2005.

s/Thomas M. Rose

-------------------------------------------------
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record