**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**MAGUIRE PRODUCTS, INC.,**

        **Plaintiff,**

-vs-                                              **Case No.  3-:03-CV-198**

**COMET AUTOMATION SYSTEMS, INC.,**
**et al.**

                                                                  **Judge Thomas M. Rose**

        **Defendant.**

---

**ENTRY AND ORDER OVERRULING FERLIN'S MOTION TO COMPEL ARBITRATION (DOC. #117)**

---

       This matter is before the Court pursuant Defendant-Cross Claim Defendant Ferlin Trading B. V.'s ("Ferlin's") motion to compel arbitration of the cross-claims asserted against Ferlin by Defendant-Cross Claim Plaintiff Comet Automation Systems, Inc. ("Comet"). (Doc. #117.) Comet has responded to Ferlin's Motion and Ferlin has replied. The Motion is, therefore, ripe for decision.

       Ferlin argues that all disputes between Comet and Ferlin are governed by an agreement to arbitrate contained in Article 33 of the distributorship agreement (the "Agreement") between Comet and Ferlin. Hendrick Harry Drogt, Ferlin's General Manager, declares that "Ferlin has a distributorship agreement with Comet." (Doc. #117-2.) He refers to and attaches an unsigned copy of the Agreement to his declaration.

       Comet argues that the Agreement provided by Ferlin is an unsigned draft that was never consummated by the parties. Comet includes an Affidavit by Thomas Rajkovich, its President.

Mr. Rajkovich attests that Comet has not entered into any written or other formal agreement with Ferlin regarding serving as a distributor for Ferlin and, specifically, that Comet has not executed the "Agreement." (Doc. #124-2.)

Turning from the alleged facts to the applicable law, the Federal Arbitration Act ("FAA") establishes a presumption in favor of arbitration. *Marchetto v. Dekalb Genetics Corp.*, 711 F.Supp. 936, 938 (N.D. Ill. 1989). As a result, agreements to arbitrate "shall be valid, irrevocable and enforceable, save upon grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. However, regarding enforceability, "arbitration is a matter of contract and a party cannot be required to submit too arbitration any dispute which he has not agreed so to submit." *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648 (1986)(quoting *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)). Said another way, an agreement to arbitrate will not be enforced when the parties did not assent to the agreement. *Pennington v. Frisch's Restaurants, Inc.*, Case No. C-1-03-886, 2004 WL 3418052 at *2 (S.D. Ohio Nov. 18, 2004), reversed on other grounds by *Pennington v. Frisch's Restaurants, Inc.*, 147 Fed.Appx. 463 (6th Cir. 2005).

In this case, the Agreement presented by Ferlin is unsigned. Further, Comet has presented evidence that the Agreement is a draft and was never signed by Comet. Therefore, Ferlin has not shown that Comet assented to the arbitration clause contained in the Agreement. Ferlin's Motion To Compel Arbitration is OVERRULED.

**DONE** and **ORDERED** in Dayton, Ohio, this Sixteenth day of August, 2006.

                                                             s/Thomas M. Rose

                                         _____
                                                    THOMAS M. ROSE
                                        UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record